```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Alford Johnson, as Trustee
of the Martha Wood Trust

    v.

The Capital Offset Company, Inc., et al.

    and                                    Civil No. 11-cv-459-JD
                                                             Opinion No. 2012 DNH 052

The Capital Offset Company, Inc.

    v.

Susan Cox

## O R D E R

Alford Johnson, as the Trustee of the Martha Wood Trust, brought suit against The Capital Offset Company, Inc.; its president, Jay Stewart; a consultant who later worked for Capital Offset, Stephen Stinehour; and Acme Bookbinding Company, alleging claims arising from the publication of a photography book, Spiritual Passports.  Capital Offset brought a third-party action against Susan Cox, who was a graphic designer for the publication.  Acme, Capital Offset, Stewart, and Stinehour have filed partial motions to dismiss.  In response, Johnson agrees to dismiss his negligence claim against Capital Offset and Acme and otherwise objects to the motions.

Acme seeks dismissal of only the negligence claim. Johnson has agreed to dismissal of that claim as to Acme and filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). Acme did not respond to the notice of voluntary dismissal. Therefore, Acme's partial motion to dismiss is granted to the extent that Johnson's negligence claim against Acme is dismissed without prejudice.

## Standard of Review

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Rule 12(b)(6) standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949. Plausibility in this context does not mean probability but is more than a mere possibility. Id.

I.  Motion by Capital Offset and Stewart

Capital Offset and Stewart move to dismiss Johnson's demands in Counts I through VII for enhanced compensatory damages. They contend that the complaint lacks allegations to support the demands. Capital Offset also moves to dismiss the negligence claim against it. Johnson agrees that the complaint cannot sustain the negligence claim against Capital Offset and asks that the claim be dismissed without prejudice. Johnson objects to dismissal of his demands for enhanced compensatory damages.

Under New Hampshire law, enhanced compensatory damages are awarded only in exceptional cases. Stewart v. Bader, 154 N.H. 75, 87 (2006). These cases must involve wanton, malicious, or oppressive actions. Id. Wanton conduct means that the actor is aware that his actions are causing a great risk of harm to others. Thompson v. Forest, 136 N.H. 215, 220 (1992). Conduct is malicious or oppressive when it involves "ill will, hatred, hostility, or evil motive." Stewart, 154 N.H. at 87. Generally, circumstances that would support enhanced compensatory damages may arise in the context of torts but not in contract actions. DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 915 (1st Cir. 1992); Jimenez v. Verdicchia, 2000 WL 1752803, at *1 (D.N.H. Nov. 22, 2000).

In a diversity case, courts apply state substantive law and federal procedural law. <u>Hanna v. Plumer</u>, 380 U.S. 460, 465 (1965). Therefore, in this case, the court applies New Hampshire law as to the substantive elements for compensatory damages and federal law as to the requirements under Rule 12(b)(6). To the extent Johnson relies on the pleading standard used in <u>Crowley v. Global Realty, Inc.</u>, 124 N.H. 814, 818-19 (1978), his argument is inapposite.

All of the claims in Johnson's complaint arise from his dissatisfaction with the printing and binding of <u>Spiritual Passports</u>.[1] In Counts I through VII, Johnson alleges breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, negligent misrepresentation, intentional misrepresentation, fraudulent misrepresentation, and fraudulent concealment. In each count, except Count IV for negligent misrepresentation, Johnson includes a paragraph that states: "Said actions constitute wanton, malicious, and oppressive conduct, warranting enhanced compensatory damages."

Capital Offset and Stewart argue that despite the different claims alleged, the underlying cause of action for each count is

---

[1] <u>Spiritual Passports</u> is an art photography book that is a compilation of the photographs taken by Johnson's wife, Martha Wood, in Peru just before she died.

breach of contract, which does not support a claim for enhanced damages.  In addition, Capital Offset and Stewart contend that the complaint lacks allegations to support an inference of wanton, malicious, or oppressive conduct.  Further, relying on the reasoning in <u>Malone v. Cemetery Street Dev.</u>, 1995 WL 85288 (D.N.H. Feb. 17, 1995), the defendants contend that the allegations in the complaint do not show any connection between the allegedly poor quality of the books and the standard necessary for enhanced damages.

In response, Johnson defends his demand for enhanced damages for the tort claims but appears to abandon the demand for his contract claims in Counts I and II.  To support enhanced damages for his tort claims, Johnson points to his allegations (1) that Capital Offset and Stewart represented that every sheet and every book had been inspected and were consistent with Johnson's specifications when the books were defective in a number of respects and (2) that the defendants breached their duties because they should have known that Capital Offset and Acme were not qualified to print and bind the book and did not do so in a manner consistent with the specifications.  The cited allegations taken as true do not provide the exceptional circumstances that are necessary for enhanced damages.  Instead, the allegations

suggest negligence and perhaps some sloppy or sharp business practices.

In the absence of allegations that taken as true would show conduct that was wanton, malicious, or oppressive, Johnson's demands for enhanced compensatory damages are dismissed.

II. Stinehour's Motion

Stinehour moves to dismiss the breach of fiduciary duty claim, Count VIII, against him.  In support, he argues that Johnson has not alleged any facts to show that he owed a fiduciary duty to Johnson.  Johnson objects, contending that Stinehour owed him a fiduciary duty while Stinehour worked as an independent printing and production consultant advising Johnson on how to have Spiritual Passports published.

Under New Hampshire law, "a fiduciary relationship has been defined as a comprehensive term and exists wherever influence has been acquired and abused or confidence has been reposed and betrayed."  Brzica v. Trs. of Dartmouth Coll., 147 N.H. 443, 447 (2002) (internal quotation marks omitted).  Therefore, "[a] fiduciary relationship exists between two persons when one has gained the confidence of the other and purports to act or advise with the other's interest in mind."  Clark & Lavey Benefits, Inc. v. Educ. Dev. Ctr., Inc., 157 N.H. 220, 227 (2008).  "Once a

person becomes a fiduciary, the law places him in the role of a moral person and pressures him to behave in a selfless fashion while contract law does not go beyond the morals of the market place where self-interest is the norm." <u>Lash v. Cheshire County Savings Bank</u>, 124 N.H. 435, 438 (1984).

    Johnson alleges that he hired Stinehour, who was an independent printing and production consultant, in 2006 to help Johnson arrange for publishing and distributing <u>Spiritual Passports</u>. Stinehour recommended that Johnson hire Capital Offset to print the book and represented that Capital Offset was qualified and able to print the book in a manner that was consistent with industry standards. Johnson relied on Stinehour and chose Capital Offset in 2009 based on his recommendation. Immediately after Johnson decided to use Capital Offset for printing, Stinehour disclosed that Capital Offset had hired him as its account executive and sales representative. Johnson further alleges that contrary to Stinehour's recommendation, Capital Offset was not qualified or able to print the book to industry standards.

    Taking Johnson's allegations as true, he states a basis for a fiduciary relationship with Stinehour. Stinehour's arguments to dismiss the claim would be better addressed in a properly supported motion for summary judgment.

Conclusion

For the foregoing reasons, the partial motion to dismiss filed by defendant Acme (document no. 13) is granted in that the plaintiff's negligence claim against Acme in Count III is dismissed without prejudice.  The partial motion to dismiss filed by Stewart and Capital Offset (document no. 15) is granted, and the plaintiff's demands for enhanced compensatory damages as to Stewart and Capital Offset and the negligence claim against Capital Offset in Count III are dismissed.  Stinehour's partial motion to dismiss (document no. 20) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 6, 2012

cc:   Jennifer Turco Beaudet, Esquire
      Elsabeth D. Foster, Esquire
      Thomas J. Pappas, Esquire
      Arnold Rosenblatt, Esquire
      Mark W. Shaughnessy, Esquire
      William N. Smart, Esquire