```
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE
```

Alford Johnson

    v.                                  Civil No. 11-cv-459-JD

The Capital Offset
Company, Inc., et al.


O R D E R

The Capital Offset Company, Inc. filed an assented-to motion to continue the trial date and to amend the scheduling order. Alford Johnson, Capital Offset, Jay Stewart, Stephen Stinehour, and Susan Cox filed a joint mediation statement in which they state that they have agreed to participate in private mediation and ask the court to order Acme Bookbinding Company, Inc. to participate in mediation with them. Acme filed a separate mediation statement, stating that Acme preferred to complete discovery and seek summary judgment before incurring the expense of mediation.

I.   Motion to Continue and Amend Scheduling Order

As amended, the discovery plan in this case set June 17, 2013, as the trial date, and the discovery deadline on April 15, 2013. The deadline for dispositive motions is March 15, 2013.

In the assented-to motion, the parties ask that the trial date be moved from June 17, 2013, to the first available date after December 1, 2013.  They also ask that the schedule be changed so that the dispositive motion deadline would be May 15, 2013, challenges to expert testimony would be due by May 15, 2013, and the close of discovery deadline would be sixty days before trial.

The trial date will be continued to the first available date after December 1, 2013.  The discovery deadlines are also extended as the parties have agreed.

II. Mediation

Based on the mediation statements, the parties, other than Acme, agreed to participate in private mediation in January.  The mediating parties included a request in their mediation statement that the court order Acme to participate in mediation.  A mediation statement is not an appropriate means for requesting affirmative relief.  See LR 7.1(a)(1).  In addition, Acme states that mediation now, before dispositive motions have been filed, is premature.

Even if the mediating parties had filed a motion to compel Acme to participate in mediation, the court is not inclined to order mediation at this time.  However, the parties are placed on

notice that the court expects them to engage in mediation at some point prior to trial.

## Conclusion

For the foregoing reasons, the parties' assented to motion to continue the trial date and to extend certain deadlines (document no. 57) is granted.

The mediating parties' request that Acme be compelled to participate in mediation, which was included in their joint mediation statement (document no. 56) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 30, 2013

cc: Jennifer Turco Beaudet, Esquire
    Lawrence F. Boyle, Esquire
    Elsabeth D. Foster, Esquire
    Thomas J. Pappas, Esquire
    Arnold Rosenblatt, Esquire
    Mark W. Shaughnessy, Esquire
    William N. Smart, Esquire