UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Alford Johnson</u>

    v.                                  Civil No. 11-cv-459-JD

<u>The Capital Offset
Company, Inc., et al.</u>

    v.

<u>Susan Cox</u>


<u>O R D E R</u>

    Alford Johnson sued The Capital Offset Company, Inc. ("Capital Offset"), Acme Bookbinding Company, Inc. ("Acme"), and two individuals, asserting various claims arising out of the printing and binding of Johnson's book.  Capital Offset brought third-party claims against Susan Cox.  Acme and Capital Offset deposed Cox, and Capital Offset moves for leave to continue Cox's deposition.  Cox and Johnson object to the motion.


<u>Discussion</u>

    On October 12, 2012, Acme and Capital Offset deposed Cox.  Acme and Capital Offset divided the seven hours of time allotted for the deposition under Federal Rule of Civil Procedure 30(d)(1).  Acme deposed Cox for the first four hours of the deposition and Capital Offset for the final three hours.

Shortly after reaching the seven hour limit, Cox's counsel offered to continue the deposition for an additional hour if Capital Offset agreed to finish its questioning in that time. Capital Offset did not agree to conclude its questioning in that time, and Cox's counsel terminated the deposition. Capital Offset moves for additional time to continue Cox's deposition.[1]

The Federal Rules of Civil Procedure provide that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Notwithstanding the seven hour limit, Rule 30(d)(1) continues, "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Id. "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order. Fed. R. Civ. P. 30 advisory committee note (2000). "'The determination

---

[1] Although Capital Offset's counsel stated at Cox's deposition that she may need an additional two-and-a-half to three hours to complete the deposition, Capital Offset did not specify in its motion the amount of additional time it was requesting. In its reply to Cox's objection, which pointed out that the motion sought an unspecified amount of time to continue the deposition, Capital Offset clarified that it was requesting two-and-a-half to three hours of additional deposition time, as its counsel had requested during Cox's deposition.

2

of whether good cause exists is fact specific.'" <u>Saeed v. County of Nassau</u>, 2011 WL 6945755, at *1 (E.D.N.Y. May 23, 2011) (quoting <u>Margel v. E.G.L. Gem Lab Ltd.</u>, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008)).

Capital Offset does not contend that Cox or her counsel unnecessarily impeded or delayed the deposition. Rather, it argues that it was not able to question Cox fully regarding various issues in the case arising from approximately 1500 pages of documents produced by Cox and the books and press sheets produced by Johnson, which were not fully covered in Acme's questioning. It argues, therefore, that it needs additional time "to fairly examine this deponent regarding all of the matters in the case."

Neither Cox nor Johnson disputes that Capital Offset may have additional questions for Cox which it did not cover in the deposition.[2] Rather, they argue that the court should not extend Cox's deposition because Cox was cooperative during the deposition, because all other depositions in the case were

---

[2] Johnson notes that the "topic that Capital Offset seeks to further depose Ms. Cox on seems redundant." Johnson, however, points only to questions regarding specific books shown to various deponents. Capital Offset's motion lists other areas of questioning, including Cox's correspondence concerning Johnson's book and press sheets. Johnson does not contend that questioning on those matters would be redundant or unnecessary.

completed within seven hours, because Capital Offset spent time questioning Cox on issues of little relevance to the claims in dispute, and because Capital Offset deposed Cox on topics covered by Acme.

Capital Offset has asserted four claims against Cox as a third-party defendant. The court has reviewed the transcript of Cox's deposition and does not find that Capital Offset spent significant time on questions of little relevance or on redundant questions. Capital Offset has shown good cause to extend Cox's deposition by an additional three hours. See Fed. R. Civ. P. 30 advisory committee note (2000) ("[C]ourts asked to consider an extension . . . might consider a variety of factors . . . . In multi-party cases, the need for each party to examine the witness may warrant additional time.").

The court recognizes the burden that the extended deposition places on Cox, particularly in light of Cox's cooperation and her counsel's offer to remain at the original deposition for an additional hour. Therefore, Capital Offset shall be responsible for the cost of the extended deposition, including but not limited to reasonable attorney's fees and travel expenses.

Conclusion

For the foregoing reasons, Capital Offset's motion for leave to continue the deposition of Susan Cox (document no. 60) is granted, subject to the conditions specified in this order.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 15, 2013

cc:   Jennifer Turco Beaudet, Esquire
      Lawrence F. Boyle, Esquire
      Elsabeth D. Foster, Esquire
      Thomas J. Pappas, Esquire
      Arnold Rosenblatt, Esquire
      Mark W. Shaughnessy, Esquire
      William N. Smart, Esquire