UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Alford Johnson</u>

    v.

<u>The Capital Offset
Company, Inc. et al.</u>

    and                                         Civil No. 11-cv-459-JD

<u>The Capital Offset
Company, Inc.</u>

    v.

<u>Susan Cox</u>


O R D E R

Alford Johnson, as the trustee of the Martha Wood Trust, brought suit against The Capital Offset Company, Inc.; its president, Jay Stewart; a consultant who later worked for Capital Offset, Stephen Stinehour; and Acme Bookbinding Company, alleging claims arising from the publication of a photography book, Spiritual Passports.  Capital Offset brought a third-party action against Susan Cox, who was a graphic designer for the publication.  Johnson's negligence claims against Acme and Capital Offset and Johnson's claims for enhanced compensatory damages against Stewart and Capital Offset were previously dismissed.

Capital Offset now moves for leave to amend its counterclaim to add a defamation claim against Johnson. Johnson does not object to allowing the amendment as long as Capital Offset does not object to his motion to amend and he is permitted additional discovery on the new counterclaim. Johnson moves for leave to file an amended complaint "to revive" the negligence claim that was previously dismissed against Acme and to add a new claim against Acme alleging third-party beneficiary breach of contract. Both Acme and Capital Offset object to Johnson's motion.

Standard of Review

Leave to amend should be freely given unless the proposed amendment would be futile or is the result of undue delay or bad faith. Calderon-serra v. Wilmington Tr. Co., --- F.3d ---, 2013 WL 1715518, *4 (1st Cir. Apr. 22, 2013). When a party seeks leave to amend pleadings after the scheduling order deadline, the moving party also must show good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4); Somascan, Inc. v. Phillips Med. Sys. Nederland, B.V., --- F.3d ---, 2013 WL 1715568, *1 (1st Cir. Apr. 22, 2013). Good cause, for purposes of amending a scheduling order, "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Id. (internal quotation marks omitted).

Discussion

The scheduling order in this case set April 15, 2012, as the deadline for amending pleadings.  Both Capital Offset and Johnson moved to amend their pleadings after the deadline.  Neither addressed the applicable standard under Rule 16(b)(4).[1]  Therefore, neither Capital Offset nor Johnson has shown good cause to amend the scheduling order to allow the late amendments they propose.

Conclusion

For the foregoing reasons, the defendant's motion to amend its counterclaim (document no. 72) and the plaintiff's motion to amend the complaint (document no. 73) are denied without prejudice to filing properly supported motions.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 9, 2013

cc:   Jennifer Turco Beaudet, Esquire
      Lawrence F. Boyle, Esquire
      Elsabeth D. Foster, Esquire
      Thomas J. Pappas, Esquire
      Arnold Rosenblatt, Esquire
      Mark W. Shaughnessy, Esquire
      William N. Smart, Esquire

---

[1] While Capital Offset acknowledges that its motion is untimely, it mistakenly assumes that the amendment should be allowed as long as the new claim would not be futile.

3