UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


<u>Alford Johnson, as Trustee</u>
<u>of the Martha Wood Trust</u>

     v.

<u>The Capital Offset</u>
<u>Company, Inc., et al.</u>

and                                    Civil No. 11-cv-459-JD

<u>The Capital Offset</u>
<u>Company, Inc.</u>

     v.

<u>Susan Cox</u>


                           <u>O R D E R</u>

     Alford Johnson, as the trustee of the Martha Wood Trust, brought suit against The Capital Offset Company, Inc.; its president, Jay Stewart; a consultant who later worked for Capital Offset, Stephen Stinehour; and Acme Bookbinding Company, alleging claims arising from the publication of a photography book, <u>Spiritual Passports</u>.  Capital Offset brought a third-party action against Susan Cox, who was a graphic designer for the publication.  Capital Offset moves for leave to file a second amended answer, after the deadline for amending pleadings, to include a counterclaim of defamation against Johnson.  Johnson objects.

Standard of Review

When, as here, a party seeks leave to amend pleadings after the deadline, the moving party must show good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4); Flores-Silva v. McClintock-Hernandez, 710 F.3d 1, 3 (1st Cir. 2013). Good cause, for purposes of modifying a scheduling order, "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Somascan, Inc. v. Phillips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (internal quotation marks omitted). Although diligence is the primary focus, prejudice to the opposing party caused by the delay is also relevant. O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004).

Discussion

The parties' discovery plan set April 15, 2012, as the deadline for amending pleadings. The plan was filed on December 29, 2011, and approved on December 30, 2011. On August 8, 2012, Capital Offset moved for leave to file an amended answer to reflect its merger with another company. The motion was granted, and Capital Offset filed its amended answer on August 15, 2012. The deadline for dispositive motions was June 21, 2013, and trial

is scheduled for the two-week period beginning on December 10, 2013.

The defamation counterclaim that Capital Offset seeks to add is based on an email sent by Johnson in December of 2010 to "Dearest Family and Friends," in which Johnson explained that he was going to take legal action against the printer and binder of <u>Spiritual Passports</u>.  Johnson stated, among other things, that "[t]he printer and binder have committed grievous and wanton acts by knowingly shipping defective books to the team and the distributor (University of Texas Press), which has led to defective books being sent to critics, reviewers, bookstores and others."  Doc. 80, Ex. B.  He asked the recipients of the email to check their copies of the books for certain defects.

Capital Offset decided during the fall of 2012 that Johnson's email might be grounds for a defamation claim and pursued the issue in discovery.  In a letter dated December 31, 2012, counsel for Capital Offset informed counsel for Johnson and Susan Cox that "we will be proceeding with a motion to amend the counterclaim as to the estate and a motion to amend our third party claim as to Susan Cox based upon the defamatory statements contained in documents produced by Susan Cox."  Doc. 80, Ex. C.  Counsel stated that the motion would be filed "within the coming weeks."  On January 18, 2013, Capital Offset filed an assented-to

motion to continue the trial and to change other deadlines but did not seek an extension of the deadline for amending pleadings.

Capital Offset moved to amend its answer on April 12, 2013, almost a year after the deadline for amending pleadings.[1] In support, Capital Offset contends that good cause exists for the delay because it did not receive a copy of Johnson's email in discovery until August 2, 2012, and could not add the defamation counterclaim until Johnson and Susan Cox had disclosed their experts.[2] When Cox's expert disclosure deadline passed in March of 2013 without an expert to address the statements in Johnson's email, Capital Offset decided to seek leave to add the defamation counterclaim.

Delay may be justified when it was caused by the opposing party's production of critical information through discovery after the scheduling deadline. See StockFood Am., Inc. v. Pearson Educ., Inc., 2012 WL 5986791, at *9 (D. Me. Nov. 29, 2012); Keele v. Colonial Imports Corp., 2012 WL 2192449, at *1

---

[1]That motion was denied without prejudice because Capital Offset failed to address the applicable standard under Rule 16(a)(2). Capital Offset then filed a new motion on May 21, 2013, which is considered here.

[2]Although Capital Offset represents that it did not receive the discovery until August 10, the exhibit appended to Capital Offset's motion is stamped showing that it was received on August 2. Johnson also notes that Capital Offset received the discovery on August 2.

(D.N.H. June 14, 2012).  A delay in seeking leave to add the defamation counterclaim until the email was disclosed in August of 2012 is understandable.  Capital Offset, however, waited another eight months to seek leave to amend its answer.

To explain the additional delay, Capital Offset states that it had to wait to see if either Johnson or Cox named an expert "that would support plaintiff's claims in the correspondence." Capital Offset's reasoning with respect to experts is not clear. In the absence of a defamation claim in the case, it is not apparent why either Johnson or Cox would name an expert to address the allegedly defamatory email.  Further, Johnson's deadline for expert disclosure was October 15, 2012, six months before Capital Offset moved to amend.

Capital Offset contends that it had to wait until Cox's expert disclosure deadline passed on March 15, 2012, before it could move to amend.  Despite its reference to Cox's expert disclosure deadline, Capital Offset does not seek leave to amend the deadline to add a defamation claim against Cox.[3]  In these

---

[3] In its reply, Capital Offset asserts that it could not have had a good faith basis to bring the defamation counterclaim against Johnson until it was certain that Cox would not have an opinion from "industry expert" Wally McCormack to support Johnson's statements in his email.  Although Capital Offset states that it was not unreasonable to believe that Cox, rather than Johnson, would rely on McCormack to support Johnson's statements, that theory is neither clear nor persuasive.

5

circumstances, Capital Offset has not shown good cause for the eight month delay in seeking leave to amend the deadline.

In addition, Johnson contends that the addition of the defamation claim now would be prejudicial. The expert disclosure deadlines have passed, and Capital Offset appears to acknowledge that Johnson likely would want to have an expert to address the defamation claim. The deadline for dispositive motions has also passed, and the trial is scheduled for December. Under these circumstances, Capital Offset has waited too long to seek to amend the deadline and for leave to add a counterclaim for defamation against Johnson.

## Conclusion

For the foregoing reasons, the defendant's motion for leave to amend (document no. 80) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

July 17, 2013

cc: Jennifer Turco Beaudet, Esquire
    Lawrence F. Boyle, Esquire
    Elsabeth D. Foster, Esquire
    Thomas J. Pappas, Esquire
    Arnold Rosenblatt, Esquire
    Mark W. Shaughnessy, Esquire
    William N. Smart, Esquire