UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ALFORD JOHNSON, as trustee of the Martha Wood Trust,

Plaintiff

v.

THE CAPITAL OFFSET COMPANY, INC., JAY STEWART, STEPHEN STINEHOUR, and ACME BOOKBINDING COMPANY, INC.,

Defendants

C.A. NO.: 1:11-CV-00459-JD

**PLAINTIFF'S NOTICE OF ELECTION OF DAMAGES THEORY**

NOW COMES the plaintiff, Alford Johnson, as Trustee of the Martha Wood Trust ("Plaintiff"), by and through his attorneys, Primmer Piper Eggleston & Cramer PC, and submits the following Notice of Election of Damages Theory pursuant to this Court May 22, 2014 Order (the "Order") (document no. 171), stating as follows:

1. This Court has ruled that Plaintiff may recover either: (a) amounts expended in connection with his efforts to produce the book, to the extent such efforts were wasted; or (b) his future costs for reproducing the book. Order at 6-7. The Court has ordered Plaintiff to elect which of these two damages theories he will pursue at trial and to notify the defendants and the Court of that election. Id. at 7, 9.

2. Plaintiff hereby notifies the defendants and the Court of his election to pursue recovery of all amounts expended in connection with his efforts to produce the book.

3. Pursuant to the Order, the recoverable amounts expended in connection with Plaintiff's efforts to produce the book include, but are not limited to, amounts that were paid in

preparation for producing the book, to the extent such efforts were wasted. See Order at 6. Given that Plaintiff had intended to reproduce the book and had intended to pursue recovery of the costs for reproducing the book, Plaintiff previously declined to object to defendants' request that the Court exclude Plaintiff's claim to recover as damages certain costs that he had incurred in preparation for producing the book because Plaintiff believed he would retain the benefit of those expenditures when he ultimately reproduced the book. See Plaintiff's Objection to Motion in Limine to Exclude Certain Evidence of Damages by Defendants Capital Offset Company, Jay Stewart, and Stephen Stinehour, ¶ 2 (document no. 144). Although the Court acknowledged that Plaintiff agreed that such costs would not be recoverable, the Court did not expressly rule that such costs were not recoverable nor did it rule that Plaintiff is precluded from presenting evidence of such costs at trial. See Order at 4, 9. The Court and Plaintiff simply acknowledged that certain prior costs would not qualify as damages as they would have been incurred if republication was intended. Plaintiff has since decided not to seek to reproduce the book and not to seek to recover from the defendants the costs associated with reproducing the book. Accordingly, all of the amounts that were paid in preparation for producing the book, including those that were the subject of defendants' earlier motion in limine, were wasted and are recoverable to the extent proven. Plaintiff intends to pursue recovery of these amounts at trial as amounts expended in connection with his efforts to produce the book, which efforts were wasted.

Respectfully submitted,

ALFORD JOHNSON, as trustee of
the Martha Wood Trust,

By his attorneys,

PRIMMER PIPER EGGLESTON & CRAMER PC

Dated: June 19, 2014 By: */s/ Thomas J. Pappas*

Thomas J. Pappas, Esq. (N.H. Bar No. 4111)
Gary M. Burt, Esq. (N.H. Bar No. 5510)
P.O. Box 3600
Manchester, NH 03105-3600
Tel.: 603.626.3300
Fax: 603.626.0997
tpappas@primmer.com
gburt@primmer.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing Notice has this day been forwarded via CM/ECF to:

Mark W. Shaughnessy, Esq. (mshaughnessy@bmcattorneys.com)
Anthony M. Campo (tcampo@bsctrialattorneys.com)
Elsabeth D. Foster, Esq. (efoster@bsctrialattorneys.com)
*Counsel for Puritan Press Inc. d/b/a Capital Offset Company, Jay Stewart, and Stephen Stinehour*

William N. Smart, Esq. (wsmart@morrisonmahoney.com)
Lawrence F. Boyle, Esq. (lboyle@morrisonmahoney.com)
*Counsel for Acme Bookbinding Company, Inc.*

Dated: June 19, 2014 */s/ Thomas J. Pappas*

Thomas J. Pappas, Esq. (N.H. Bar No. 4111)

1728392.1