UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Alford Johnson, as Trustee
of the Martha Wood Trust

    v.                                           Civil No. 11-cv-459-JD
                                                      Opinion No. 2014 DNH 244
Puritan Press, Inc. d/b/a
Puritan Capital, et al.


O R D E R

Alford Johnson, as the trustee of the Martha Wood Trust, brought suit against The Capital Offset Company, Inc., which is now Puritan Capital; its president, Jay Stewart; a consultant who later worked for Puritan Capital, Stephen Stinehour; and Acme Bookbinding Company, alleging claims arising from the printing and binding of a photography book, Spiritual Passports. Acme moves, in limine, to exclude evidence of damages claimed by Johnson that were incurred before the date of Acme's alleged negligent misrepresentations. Johnson objects.


Discussion

Acme argues that any alleged negligent misrepresentations could not have caused costs that were incurred before October 19, 2009, when the misrepresentations were allegedly made. For that reason, Acme asks that evidence of costs incurred before October 19, 2009, be excluded as to Johnson's claim against Acme. In response, Johnson contends that costs for production of the book that were incurred before October 19, 2009, are recoverable as

consequential damages against Acme for negligent misrepresentation about the efficacy of the binding method without glue traps.

"The general rule is [] that the measure of damages recoverable for misrepresentation, whether intentional or negligent, is actual pecuniary loss." Crowley v. Global Realty, Inc., 124 N.H. 814, 817 (2984). Consequential damages are included within the damages recoverable. Id. Consequential damages are those amounts the plaintiff lost because of the defendant's misrepresentation. Pure Barnyard, Inc. v. Organic Labs., Inc., 2012 WL 4472012, at *9 (D.N.H. Sept. 26, 2012).

Johnson contends that Acme misrepresented that binding Spiritual Passports without glue traps would work. Johnson further contends that when Acme made that representation, Acme knew that Johnson had incurred costs to develop and produce the book before it arrived at Acme for binding. In reliance on Acme's representation, Johnson asserts, he agreed to have the books bound without glue traps, instead of stopping production and requiring Puritan Capital to print the pages with glue traps. Binding the books without glue traps, Johnson argues, caused or contributed to cause the failure of the books' bindings. As a result of the failed books, Johnson contends that the money he spent to develop and produce the books was wasted and that the loss was a consequence of Acme's misrepresentation.

Johnson's claim is that although the costs for development and production of the books were incurred before Acme allegedly

misrepresented the efficacy of the binding method, the damage occurred after the misrepresentation when the books were bound without glue traps and the bindings failed.  Johnson's previous expenditures for development and production, therefore, were wasted.  In other words, the loss occurred after Acme's alleged misrepresentation.  Acme has not shown that the costs Johnson incurred to develop and produce the book are not recoverable as consequential damages.

## Conclusion

For the foregoing reasons, the defendant's motion in limine to exclude damages for costs incurred before October 19, 2009, (document no. 177) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 24, 2014

cc: Lawrence F. Boyle, Esq.
    Gary M. Burt, Esq.
    Anthony M. Campo, Esq.
    Thomas J. Pappas, Esq.
    Arnold Rosenblatt, Esq.
    Mark W. Shaughnessy, Esq.
    William N. Smart, Esq.