```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Alford Johnson, as Trustee
of the Martha Wood Trust

    v.                                    Civil No. 11-cv-459-JD
                                              Opinion No. 2014 DNH 247
Puritan Press, Inc.
d/b/a Puritan Capital

## O R D E R

Alford Johnson, as the trustee of the Martha Wood Trust, brought suit against The Capital Offset Company, Inc., which is now Puritan Capital; its president, Jay Stewart; a consultant who later worked for Puritan Capital, Stephen Stinehour; and Acme Bookbinding Company, alleging claims arising from the printing and binding of a photography book, Spiritual Passports. Puritan Capital, Stewart, and Stinehour move, in limine, to exclude certain evidence of damages. Johnson objects.

### Background

This case was scheduled for trial in March of 2014 and the final pretrial conference was scheduled for February 6, 2014, but was continued. Before the trial date was continued, the parties filed pretrial materials, including motions in limine. Puritan Capital, Stewart, and Stinehour moved to exclude certain evidence of damages claimed by Johnson. In response, Johnson agreed that certain costs associated with producing Spiritual Passports were not recoverable because he intended to reproduce the book and

those costs would not be wasted for purposes of reproducing the book.

In the order denying the defendants' motion, the court noted that Johnson agreed to exclude the listed amounts, which left only seventeen items in dispute, listed in Appendix A to the order.  After analyzing the seventeen disputed items, the court concluded that those amounts were incurred in preparation to produce <u>Spiritual Passports</u> and were recoverable as damages.  The court also noted that Johnson had acknowledged he could not recover damages both for wasted efforts in producing the original book and for costs of reproducing the book.  The court required Johnson to elect which damages he would seek at trial.

On June 19, 2014, Johnson elected to seek damages for the costs of wasted efforts in producing the original book.  In the notice of his election, Johnson stated that when he responded to the defendants' motion in limine seeking to exclude those damages, he intended to reproduce the book and for that reason he did not object to excluding evidence of costs that would not have been wasted if he had reproduced the book.  Having decided not to reproduce the book, Johnson stated that he intended to claim as damages the costs that he previously agreed not to pursue.  The defendants did not respond to Johnson's notice of election of damages.

Discussion

The defendants move to exclude evidence of the costs that Johnson previously agreed not to pursue on the ground that those costs are claimed as damages only because Johnson decided not to reproduce the book and the defendants did not cause him to make that decision.[1]  They also argue that those costs cannot be recovered as damages because Johnson is required to mitigate his damages by reproducing the book.

A.  Causation

The disputed costs are for services Johnson obtained in preparation for producing Spiritual Passports, which include payments to Susan Cox for art direction for the book, payments to a "writer," a translation of the book into Spanish, and print images for the book.  A reproduced book would have used the results of those services, just as the original book did.  The defendants argue that those costs, which Johnson now claims as damages, are not attributable to them because they did not cause Johnson to decide not to reproduce the book.

---

[1] The defendants wisely do not argue that Johnson is estopped from claiming the costs that he previously abandoned, because a theory of judicial estoppel would be difficult to establish in the circumstances of this case.  See, e.g., Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 170 (2010); Healey v. Spencer, 765 F.3d 65, 76 (1st Cir. 2014).

Without a reproduced book, Johnson contends that those services were wasted in the same way other costs of producing the book were wasted.  Johnson contends that the defendants caused the book to be so badly printed and bound that it was a total loss and that all of the costs of producing the book were wasted.  For that reason, Johnson contends that the defendants caused him to lose all of the costs of producing the book, including the costs that might not have been lost if he had pursued a reproduction.

The defendants' argument that they did not cause Johnson not to reproduce the book misses the point.  Johnson's damages theory is that all of the costs of producing the original book were wasted because of the defendants' actions, omissions, and misrepresentations, <u>unless</u> some of those services were useful for reproducing the book.  Without a reproduced book, however, no savings based on those services exist.  Therefore, Johnson need not show that the defendants caused him not to reproduce the book to recover the disputed costs.

B. <u>Mitigation</u>

The defendants also argue that Johnson cannot introduce evidence of the disputed costs because he is required to mitigate his losses by reproducing the book.  The defendants reason that if the disputed costs would not be lost if the book were reproduced, then Johnson is required to reproduce the book to

4

avoid that loss.  Having chosen not to reproduce the book, the defendants assert, Johnson cannot claim the disputed costs as damages.

Under New Hampshire law, "[a]s a general rule, plaintiffs may not recover damages for harm that could have been avoided through reasonable efforts or expenditures." Flanagan v. Prudhomme, 138 N.H. 561, 575 (1994); accord Grenier v. Barclay Square Commercial Condo. Owners' Ass'n, 150 N.H. 111, 119 (2003). In the context of breach of contract, the claimant "must take such measures to lessen his or her losses as can be effectuated with reasonable effort and without undue risk." Audette v. Cummings, 165 N.H. 763, 768 (2013).  "The defendants bear the burden of proving that the plaintiff failed to mitigate damages." Grenier, 150 N.H. at 119; accord Audette, 165 N.H. at 768; see also Parem Contracting Corp. v. Welch Const. Co., Inc., 128 N.H. 254, 259-60 (1986).

To succeed on the mitigation defense, the defendants would have to show that Johnson could have avoided the loss of the disputed costs by reproducing the book and that reproducing the book would have entailed only reasonable effort and expenditures.  The motion in limine does not provide that proof.  Therefore, the defense of mitigation of damages does not preclude Johnson from introducing damages evidence.

5

Conclusion

For the foregoing reasons, the defendants' motion in limine to exclude certain evidence of damages (document no. 175) is denied.

SO ORDERED.

                                                                                  _____
                                                                                  Joseph A. DiClerico, Jr.
                                                                                  United States District Judge

December 1, 2014

cc:  Lawrence F. Boyle, Esq.
     Gary M. Burt, Esq.
     Anthony M. Campo, Esq.
     Thomas J. Pappas, Esq.
     Arnold Rosenblatt, Esq.
     Mark W. Shaughnessy, Esq.
     William N. Smart, Esq.